Case: 1:24-cv-02623
Assigned To : Unassigned
Assign. Date : 9/9/2024
Description: Employ. Discrim. ((H-DECK)

# United States District Court of the District of Columbia, Washington, DC

333 Constitution Ave. NW,
Washington, DC 20001

United States District Court Case Number:_____

Reconsideration No.  2024003116

Appeal No.  2023002928

Hearing No.  440-2023-00094X

Agency No. 4J-530-0026-22

Dennis L. Maxberry or (a/k/a Grady K.)
P. O. Box 704
Chippewa Falls. WI  54729
Plaintiff/Appellant

v.

Louis DeJoy Postmaster General
United States Postal Service
(Field Areas and Regions),
Agency/Respondents

&

Equal Employment Commission
P. O. Box 77960
Washington, DC  20013

# Written by Dennis L. Maxberry or Grady K.a/k/a



RECEIVED
Mail Room

SEP - 9 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

PLEADING TITLE - 1

CONTENTS PAGE

DESCRIPTIONS                                        PAGE NUMBERS

QUESTION PRESENTED
FOR REVIEW.       .       .       .       .       .       5

THE ANSWER.       .       .       .       .       .       5

STATEMENT OF FACTS.  .       .       .       .       7

STATEMENT OF ISSUES of the
COMPLAINT.       .       .       .       .       .       8

STATEMENT OF THE CASE
AND STAGES OF THE COMPLAINT.       .       .       9

BACKGROUND OF THE Plaintiff/Appellant.   .   .       11

PETITIONER'S FINANCES
DURING COVID IN 2017-2020.       .       .       .       13

*ARGUMENT OF EMPLOYMENT
DISCRIMINATION ALREADY
REVIEWED IS NOT PRESUMPTIVE.*       .       14

JURISDICTION OF THE
DISABLED VETERAN.       .       .       .       .       16

REMEDY.   .       .       .       .       .       .       17

CERTIFICATION OF SERVICE.   .       .       .       17

CERTIFICATION OF SERVICE.   .       .       .       18

LETTER ATTACHED TO
THE CONTENTS PAGE.       .       .       .(Attached to the Complaint)

CASES PRESENTED FOR REVIEW.       .       .       3

CFR AND FEDERAL RULES.       .       .       .       3

PLEADING TITLE - 2

## CASES PRESENTED FOR REVIEW

Descriptions                                    Page Numbers

In Abbott Laboratories v. Gardner,
387 U. S. 136, 387 U. S. 140, we held that
"judicial review of a final agency action
by an aggrieved person will not be cut
off unless there is persuasive reason
to believe that such was the
purpose of Page 397 U. S. 167.        .         .         . 15

American School of Magnetic Healing v.
McAnnulty, 187 U. S. 94. Indeed,
judicial review.        .         .         .         .         .15

Foote v. Spiegel, 118 F.3d
1416, 1423 (10th Cir. 1997). .        .         .(Letter, and IP)

Hardin v. Kentucky Utilities Co.,
390 U. S. 1, 390 U. S. 14
(HARLAN, J., dissenting).        .         .         .         .15

Harmon v. Brucker, 355 U. S. 579;.  .         .         .15

Leedom v. Kyne, 358 U. S. 184;.         .         .         .15

McLane Northeast In February 2024
They Found that the company violated
the Americans with Disabilities Act (ADA). .         .15,

Newsome v. Equal Employment
Opportunity Commission, 301 F.3d
227 231-33 (5th Cir. 202).        .         .         .         .11

Stark v. Wickard, 321 U. S. 288;.         .         .         .15

## CFR & FEDERAL RULES ALLOWED TO THE PLAINTIFF

29 CFR Part 1630, 29 CFR Part 1614.  1630
Reasonable Accommodations
and Undue Hardship (ADA) Rehabilitation Act,
(ADA), Rehabilitation Act, should include
Veterans ample at least Attorney Help or
accommodation against 3rd parties claim.    . .5, 7, 10, 11, 16

PLEADING TITLE - 3

5 U.S.C. § 701(a) (1964 ed.,
Supp. IV), Procedure Act,.    .    .    .    .    14

16 U.S.C. § 590 d (3), 1938 or
1965 Act. Page 397 U. S. 166.    .    .    .    14

28 U.S.C. Section 1915 and 28 CFR 21.6 .    .    .    5

31 U.S.C. § 203.    .    .    .    .    .    4, 7, 15

18 U.S.C. Section 1028A.    .    .    .    .    6, 8, 11, 16, 17

42 U.S.C. Section 1983 Informa pauperis.    .    .    6

42 U.S.C. §§ 2000e, e.    .    .    .    .    5

## CONSTITUTIONAL RULES
## ALLOWED TO THE PLAINTIFF

4th Amendment.    .    .    .    11, 14

13th Amendment.    .    .    .    11

14th Amendment.    .    .    .    5, 8, 10, 11, 13,

15th Amendment.    .    .    .    6, 8, 11

Reasonable Accommodations
and Undue Hardship (ADA)
Rehabilitation Act, 29 CFR Part
1630, 29 CFR Part 1614. (ADA),
Rehabilitation Act,.    .    .    .    '    .    5, 11, 16

Representative Fulmer, 82 Cong. Rec. 844
(1937), and of Senator Adams, id. at 1756.
The fact that assignment could be
made at all indicated a congressional
concern for the farmers' welfare, in
light of the general statutory prohibition
on assignment of federal claims
embodied in the Anti-Assignment
Act, 31 U.S.C. § 203. .    .    .    .    7, 15, 16

Title VII, and Title V of the 1964 Civil Rights Act.  5, 6, 8, 11

PLEADING TITLE - 4

QUESTION PRESENTED FOR REVIEW

The Question Presented for review in this case is: Did the EO or the EEOC of the United States Postal Service err when they allowed the 3rd Party hostility and Unionism remove pertinent property of the Petitioner? Was the Petitioner or Plaintiff's Application and Account Hacked? Yes, the Petitioner request Confidentiality and Injunctive relief against third party stalking and shuffling? The Plaintiff/Petitioner is protected by Civil Rights; Statutes of Limitation, and Title VII yet, a 3rd Party excludes his protections.

The Agency By claiming that the ADA Employment Question was one out of the Protected Jurisdiction of ADA, Reasonable Accommodations and Undue Hardship (ADA) Rehabilitation Act, 29 CFR Part 1630, 29 CFR Part 1614 and didn't ask anyone else or any pertinent Medical Question. The Petitioner demands redress even though he was on Veterans Service-Connected Disability and Social Security. Employer discriminated against you, you must cite to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. See 28 U.S.C. § 1915(e)(2).

THE ANSWER

1.) First and foremost, the Petitioner wasn't in an abated account process, his account was hacked and pertinent information removed electronically, when the petitioner asked for and subpoena the emails that were answered, the employer denied sending the information causing a reputed issue making it a 14th Amendment due process Discrimination further extending the hostile issues.

PLEADING TITLE - 5

2.) What the Agency sent was several hacked documents that belonged to someone else, as thought they could argue that they were attempting to help the Petitioner. However, the documents defraud the Postal Service's Human Resources in which they have opted to hire least experienced and it caused a drawback that got the town closed down when HSHS closed due to the lack of accountants, and the removal of the Petitioner.

3.) The United States Postal Service is asking this Court to discriminate against the Petitioner because they know he is being treated hostile by such 3rd Party Politically violating the Petitioner's 4th, 14th, 13th, and 15th Amendment rights without transparency to and against the Petitioner (who is Falsely accused). The Employer know and realizes that the Petitioner will have to defend himself. The Employment violations are violations against Title VII, and Title V causing a Hire to become a Volunteer Employer Agent without pay or incentives. The Petitioner (Dennis L. Maxberry, who's Proposed a/k/a is Grady K. but the Grady K. is only to remove the Petitioner before and after the case as a non-transparency Title 18 U.S.C. Section 1028A causing once again to infringe on the Petitioner's abilities at 42 U.S.C. Section 1983 Informa pauperis, Pro Se. The Petitioner Whose claim is that the 3rd party falsely claimed that they were counsel for Social Security and Veterans Service that is allowed to suspend the Petitioner's ability to file his Federal Claims.

4.) The Employer made a job offer to the Petitioner and took his finger prints but removed the scoring product and the answers he did

PLEADING TITLE - 6

make in a timely fashion, and then he was the only one made to answer more than once as the Covid issue was in effect and the Petitioner was given the email option to answer online. It didn't have anything to do with whether he was disable or not it was an option to the Petitioner to sign into the US Postal Service Portal with his password, and sign out. Since the Petitioner had already completed all of the other scoring related Job question at Americans with Disabilities Act Amendments Act of 2008 (ADAAA), which took effect on January 1, 2009 in which the EEOC didn't evaluate.

## STATEMENT OF FACTS

The United States Postal Service allowed a 3rd party claiming to be a Human Resources Agency their Human Resources to take the Petitioner's finger prints for hire and then established a false delay (the claim that the Plaintiff Grady K. Dennis M. didn't complete his application in Chippewa Falls, yet they called him in to hire) in order to remove (the call-in portion) of the Petitioner's prior interview during testing and completion of the application portion Anti-Assignment Act, 31 U.S.C. § 203 in Eau Claire Wisconsin Post Office's interview and Job Fair. Otherwise, the United States Postal Service in Chippewa Falls, WI would not have called him in for finger printing. Wherefore, in a solid act of defiance of transparency they either gave the Plaintiff's identity and job over to someone who did not make the Job Fair, or a Convict Administration.

Removal of the criteria of 29 CFR Section 1614.405 (c.). This is the 3rd time the Petitioner has attempted to clear up the hostility that was falsely stated about him not pressing the blue portion of the email

PLEADING TITLE - 7

in order to establish the final part of his interview.  There is a African American Black-European Union group stalking the petitioner which is untransparent to the Petitioner whose protest doesn't end at the Postal Service.  The Petitioner request Redress.

STATEMENT OF ISSUES of the COMPLAINT

1.) Did the Employer Agency removal of pertinent portion of the Petitioner's (DLM, or Grady K.1) did the employer's removal of the Petitioner's employment record violated the article of hire (ADA) Title VII or Title V causing finger print use for the Agency causing the Petitioner to become a Volunteer Employment Agency?

Yes, the Petitioner did everything that was requested of him all indications of medical information had been added to the application and the Employer called the Petitioner by phone and said she would hire him on October 8, 2019.  However, when the Petitioner appeared timely, he was hired and signed all hiring forms W-2's, finger print, and related hiring documents.  Then a third party called and made the Employer (United States Postal Service abandon the hire.  (Without transparency the issue a 3rd party stalking service violated the Petitioner's 4th Amendment, 13the Amendment, 14th Amendment, and 15th Amendment rights). In violation of Title 18 U.S.C. Section 1028A but only adding stalking.

STATEMENT OF THE CASE AND STAGES OF THE COMPLAINT

1.) The Petitioner was a member of Workforce Resources and was required to apply for employment since working for Senior Citizens Employment Program was only for 4 years.  After the

PLEADING TITLE - 8

Petitioner was denied U.S. Postal Service, he was allowed to work for them continuously.

2.) SCEP is a department of Workforce development at that time was in the Chippewa Valley Technical College, where the Petitioner apply for two jobs and were removed from him the University of Wisconsin at Eau Claire and later this one the United States Postal Service it is unclear why or who the 3rd Parties really were or why they inadvertently remove or blocked the Petitioner without transparency. Because they knew the Petitioner could hold the job but not acquire an Attorney in these cases such as the 2007 bar from being Pro Se in his own cases because he didn't have funds at that time they charged him $1,000.00 knowing he would not have it. A.) An intended way of blocking the ability of the Petitioner and then Blocking the Petitioner's ability to have employment to gain cash that would allow him an ability to pay an Attorney in violation of the 4th Amendment.

3.) On May 8, 2019, the Petitioner DLM; a/k/a Grady K.) was hired by the United States Postal Service in Chippewa Falls, Wisconsin, after being interviewed, and tested at the United States Postal Service in Eau Claire, Wisconsin in which he Passed and finalized his Employment testing by answering the email as a part of the contingency to hire, in which at that time he was called for hire by U.S.P.S. Chippewa Falls.

4.) The Petitioner (DLM, or Grady K.,) did, has, have completed and completely the part of answering the email. The Agency is attempting to establish that (ADA) excludes them from hiring by

PLEADING TITLE - 9

accommodation the Petitioner who was hired based on his own credentials. Although after hire, or being hired, the Agency United States Postal Service Postmaster DeJoy allowed a hostility and discriminant issue of fire, termination, or removal by application tampering by the 3rd Party Human Resources very likely Workforce Resources who were non-transparent to the Petitioner.

5.) The Petitioner had a raw score of 88, and a 10 Point Veterans Preference Point for hiring a Veteran that the U.S. Postal Service utilized as a means to hire who they wanted to hire in discrimination and hostility against the petitioner who has not caused such hostility, but his credentials as well, inadvertently caused retaliation such as the other workers were coming from the Chippewa Falls Jail.

6.) The United States Postal Service Human Resources Matron at Eau Claire, Wisconsin who administered the test gave me a pass with flying colors. It was the 3rd Party Human Resources at Chippewa Falls, Wisconsin who removed the pertinent parts which is now at issue.

7.) The Eau Claire United States Postal Service held a Job Fair, in which they offered a test that you could take at home, in which I do have internet, but instead decided to take the test while at the Post Office, the Post Office stayed open until I finished since I was full of questions. The Test, and return emails and everything were completed before the Petitioner left (DLM or my or Grady K.) in which the Postal Service is asking to use a different name which violates the Petitioner's 14th Amendment Rights to Accommodations. Title 29 CFR 1614, and

PLEADING TITLE - 10

Title 18 U.S.C. Section 1028A by stalking as a 3rd Party of (Black/European/African Americans) meaning at least one of their parents are white. Violating the 13th and 15th Amendment Rights of the Petitioner by illegally removing his name from his Veteran Property at 10% Service-Connected Preference points.

8.) Untimely and hostile hatred removal of the Petitioner employment under the Title VII, or Title V, causing the U.S. Postal Service to vacate their protections to the Petitioner by either the 14th Amendment and the 4th Amendment under the 1964 Civil Rights Act, that the 3rd Party Administrative human Resources claim against the Petitioner acts to tame the 1964 CRA as to their medium under race, causing discrimination to the Petitioner who is African American and born in America under the 13th Amendment and the 15th Amendments. By falsely stating that the Petitioner did not complete his application. 29 CFR Section 1614 etc..... Reasonable Accommodations and Undue Hardship (ADA) Rehabilitation Act, 29 CFR Part 1630, 29 CFR Part 1614.   See Newsome v. EEOC, (5th Cir)

BACKGROUND OF THE APPELLANT

The Petitioner Dennis Lee Maxberry, who is requested by the respondent/Agency to go by the pseudonym Grady K. seem to be the ones who keep the petitioner from doing anything without order from Court's or anything else. They fully know and realize that the 7th Circuit United States Court of Appeals, allowed the Petitioner in the early 2000' to appeal Informa pauperis due to his Veteran status and then charge him $1,000 having claimed to bar him from survival such

PLEADING TITLE - 11

as: During Covid 19 the State removed the Senior Citizens Employment Program, causing the Petitioner to have to apply for Personal loans for 1.) Car Repairs, 2,) keeping up with rent 3.) Food, and other necessities to the charge that After so many repairs the 2007 Chrysler needed to be replaced only after having been a catalyst of many 3rd party caused repairs such as:

1.) Present day Car Note $298.00 monthly Total from 2020 $16,000 now presently $11,878.

2.) The Personal Loan during covid 19 $363 a month the beginning is a refi that started at $12,000+ and is now at $7,956.57.

3.) During the time the Petitioner was attempting to seal his job with the United States Postal Service his income was a.) Social Security $600.00 and Veterans Administration Service Connection Benefits of $110.00 a month, and Hud Vash was paying some of his rent, as he was working with SCEP about 4 hours a day for $7.25 an hour the Rent was $500, the Car Payment were $200 a month etc... At that time before he was 80% Service Connected, he could attempt to obtain employment, the 3rd Party removing information is a Professional service the Postal Service could have hired, as they might have been responsible for causing the prior Service Stations to close such as Fort Lee, Virginia, (Now Fort Adam Gregg) by protests and removing Monuments called Statues. The Petitioner's Military Records have been disorderly changed as well.

The Plaintiff was called in for hire and during his hire he was hired but removed because he is African American without children in

PLEADING TITLE - 12

Chippewa Falls, Wisconsin.

PETITIONER'S FINANCES DURING COVID IN 2017-2020

The State of Wisconsin Workforce Development allowed the petitioner to use their Office to apply for employment beyond Senior Citizens Employment and Training Program. Yet a hidden 3rd Party removed pertinent information as it went through causing the Petitioner to utilize his good credentials immensely and numerously on many occasions, and yet only two employers really established admirable consideration. The United States Postal Service is one of those two as the other was a State Governmental program as well.

The Program SCEP was based on income, in which there was a quota that was met in order to be in the Program either you would be indigent or very low income. At the time the Petitioner (DLM, c/o a/ka/ Grady K.) where the 7th Circuit allowed a 1979 Gambling debt of $10 to cause the Petitioner into a suit against him for everything (either flagrant, or frivolous), ($1,000.00 bar from his Informa pauperis case in the 7th Circuit), he owns from a 6th Circuit non-transparent issue. Barring the Petitioner from pursuing his Veterans Rights that the State of Kentucky would not justify voiding him from The Veterans Administration's attention during 1979 upon his Honorable discharge (General) from the United States Army. The Petitioner feels, like he was accused of liking white people to much because he was not a Buffalo soldier, due to his being selected as a United States 3rd Armored Cavalry Regiment Solder. 14th Amendment due Process.

***During the time the Petitioner was working with SECP he

PLEADING TITLE - 13

was allowed to work for $7.25 an Hour up to 20 hours a week. Because his Social Security at the time was $600, and he was 10% Service Connected as a Veteran and due to his only income was not allowed to stay at Klien Hall in Chippewa Falls, WI 54729. The Petitioner was paying $500 for his rent and was only making $700+ from Social Security and Veterans Benefits. The above loan Amounts justify that he is still paying for debts from those times. Federal 3rd party Violations of Fair Debt Collection, and Fair Credit that Covid 19 helped develop, the Federal Interest rate causes a back draft as well.

The Petitioner (DLM, c/o Grady K.) was allowed to seek employment and as soon as he received it was violated through violation of his 4th Amendment and through Hostile forms of Discrimination.

ARGUMENT OF EMPLOYMENT DISCRIMINATION ALREADY REVIEWED IS NOT PRESUMPTIVE.

Barlow v. Collins, 397 U.S. 159 (1970). The Administrative Procedure Act, 5 U.S.C. § 701(a) (1964 ed., Supp. IV), allows judicial review of agency action except where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." The amended regulation here under challenge was promulgated under 16 U.S.C. § 590 d (3), which authorizes the Secretary to "prescribe such regulations, as he may deem proper to carry out the provisions of this chapter." Plainly, this provision does not expressly preclude judicial review, nor does any other provision in either the 1938 or 1965 Act. Nor does the authority to promulgate such regulations "as he may

PLEADING TITLE - 14

Page 397 U. S. 166.

Hardin v. Kentucky Utilities Co., 390 U. S. 1, 390 U. S. 14 (HARLAN, J., dissenting). Therefore, the permissive term "as he may deem proper," by itself, is not to be read as a congressional command which precludes a judicial determination of the correct application of the governing canons.

The question then becomes whether no reviewability can fairly be inferred. As we said in Data Processing Service, preclusion of judicial review of administrative action adjudicating private rights is not lightly to be inferred. See Leedom v. Kyne, 358 U. S. 184; Harmon v. Brucker, 355 U. S. 579; Stark v. Wickard, 321 U. S. 288; American School of Magnetic Healing v. McAnnulty, 187 U. S. 94. Indeed, judicial review of such administrative action is the rule, and no reviewability an exception which must be demonstrated. In Abbott Laboratories v. Gardner, 387 U. S. 136, 387 U. S. 140, we held that "Judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Page 397 U. S. 167. See the remarks of Representative Fulmer, 82 Cong. Rec. 844 (1937), and of Senator Adams, id. at 1756. The fact that assignment could be made at all indicated a congressional concern for the farmers' welfare, in light of the general statutory prohibition on assignment of federal claims embodied in the Anti-Assignment Act, 31 U.S.C. § 203. This concern was noted in a letter from the Secretary of Agriculture to the President of the Senate in January, 1952, in which the Secretary stated that § 8(g) "was

PLEADING TITLE - 15

enacted for the purpose of creating additional credit to farmers to assist them in financing farming operations." S. Rep. No. 1305, 82d Cong., 2d Sess., 3. · MR. JUSTICE BRENNAN, with whom MR. JUSTICE WHITE joins, concurring in the result and dissenting. *

JURISDICTION OF THE DISABLED VETERAN

"McLane Northeast In February 2024 a jury awarded $1.675 million to a discrimination victim in a case against McLane Northeast, a distribution company in New York." They Found that the company violated the Americans with Disabilities Act (ADA).

Reasonable Accommodations and Undue Hardship (ADA) Rehabilitation Act, 29 CFR Part 1630, 29 CFR Part 1614.

And- (ADA), Rehabilitation Act, should include Veterans who are being blocked from getting ample at least Attorney Help or accommodation against 3rd parties claim 18 U.S.C. Section 1028A stalking the Petitioner who is African American and protecting him from false applicants. In order to take his income and leave him a Volunteer Employment Agency.

REMEDY

Petitioner still seek redress based on his honesty to the United States Government. Petitioner request that his Social Security and Veterans Benefits be allowed Statutes of Limitation.

First Injunctive relief for use of electronic mail using, a commission on the use of the term mail vs postal mail, and signatures only will establish electronic mail calling. A Committee must be adjourned to consider such uses for above the Milwaukee Meridian,

PLEADING TITLE - 16

and or latitudes in the Northern Provinces such as in Winter months.

A Postal Business area that would deal with new ways of handling mail during winter months above the Milwaukee or Chicago Meridian and latitude including asking for transparencies into how the mail should be handled by some form of Community consideration and meetings. That this portion be cured by injunctive relief until it is handled within the U.S. Postal Service appropriately because it would or could cause loss of several $$$$ of money.

$92,000,000.00 to be utilized to refurbish HSHS Hospital here in Chippewa Falls, Wisconsin into a Veterans Rehabilitation Center, and Homeless rehabilitation area eminent domain of Route I for Park and Ride and a Postal Commission on upgrading mailing routes. A Quartermaster Postal Commission.

An incentive for the Petitioner based on his income as a Volunteer when he was at Workforce Development who could have been the 3rd Party and should not have been allowed to with solid Affirmative action against the Plaintiff should not be made a volunteer and argued to remain that way.

Respectfully Submitted,

Dennis L. Maxberry
PO Box 704
Chippewa Falls, WI 54729
DennisMaxberry@Gmail.com
715-226-1216

Date: 09/ 03/2024

CERTIFICATION OF SERVICE

PLEADING TITLE - 17

CERTIFICATION OF SERVICE

This is to certify that a true and concise copy of the motion has been sent to the defendant(s) Attorneys in this case as follows: 1.) U.S. Equal Employment Opportunity Commission at P. O. Box 77960, Washington, DC 20013. 2.) The United States Postal Service Postmaster Louis DeJoy, at EEO and Via Fed SEP 475 Lenfant Plaza SW, Washington, DC 20260.

_____.

. On this the 3rd Day of September.

_____,

Dennis L. Maxberry

By:  Dennis L. Maxberry:  _____.

PLEADING TITLE - 18